FREDERICK MENTS, Respondent, v. HENRY BOTH, Appellant.

*Promissory note given for the purchase price of property — when the indorser is discharged from liability thereon by acts of the vendor.*

An indorser of a note, given to a vendor to secure the purchase price of the property sold, is discharged from liability thereon where the vendor thereafter, by an arrangement with the vendee, deals with the property sold, and effects a transfer thereof to another person, of which he receives the consideration, and, at the solicitation of the vendee and the indorser, executes a paper reciting the sale of the premises and that the vendor has been paid in full and has no claim against the vendee.

APPEAL by the defendant, Henry Both, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 16th day of June, 1898, upon the decision of the court rendered after a trial at the Kings County Special Term, directing the cancellation and surrender of certain promissory notes, except from that portion thereof which adjudges that eight notes of fifty dollars each, made by the plaintiff, and payable to the order of the defendant, respectively, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen and nineteen months after the dates thereof, all dated May 6, 1898, were intended to be dated May 6, 1897.

*Samuel Hoff* [*Oswald N. Jacoby* with him on the brief], for the appellant.

*Robert H. Roy*, for the respondent.

HATCH, J.:

The facts out of which this action arose are not complicated. It appears that the defendant sold to one Clara Holsten, through her husband, acting as her agent, a certain saloon, the consideration therefor being $5,500, payable by the assumption of a mortgage of $2,000, held by S. Liebmann's Sons, upon the property therein, and the remainder, $3,500, in notes payable $100 each month. Of these notes, $1,500 were indorsed by the plaintiff. Holsten failed to carry out the provisions of her agreement and pay the notes as they matured. During the month of January, 1898, the plaintiff saw the defendant and arranged an exchange for four of the fifteen

notes falling due, and substituted therefor eight fifty-dollar notes of the plaintiff, payable one each month. The four one-hundred-dollar notes were thereupon surrendered up. These last notes were signed by the plaintiff alone. Subsequently, and in February following, Holsten having failed to pay the notes or rent of the premises, and being in default upon other matters, the defendant negotiated with him for a surrender of the premises, and Holsten thereupon agreed that the defendant might sell the same — at least negotiations were had looking to that end, which finally resulted in the defendant selling the premises to one Staengler, receiving therefor Staengler's notes of $1,000 and a house and lot.

George Holsten, the husband of Clara Holsten, who conducted the negotiations, testified that the defendant asked him to transfer the property to Staengler, and stated that the defendant said if he would accept the offer of Staengler that Ments would be released upon his notes; and that in pursuance of such statement he permitted the defendant to negotiate a transfer of the property to Staengler, and the place was subsequently surrendered to him. The plaintiff testified that the defendant informed him that if he made the transfer to Staengler he would be relieved from liability, and that subsequently the defendant informed him that the deal had been accepted, and that he would be relieved. This testimony was denied by the defendant. Thereafter, at the solicitation of Holsten and the plaintiff, the defendant executed and delivered a paper reciting that Holsten had sold the saloon, had paid the defendant in full, and that he had no claim against her whatever. Holsten and the plaintiff testified that this paper was executed as a release from all liability, and by the defendant it was testified that it was not intended to operate as a release, but was executed for the purpose of enabling Holsten to exhibit it to other persons from whom he expected to obtain credit, and that it was executed for no other purpose.

In this respect the claim of the defendant is at variance with his pleading. It was averred in the complaint that the defendant executed the instrument as a release of all indebtedness, and this is admitted by the answer.

We think the case presented alone a question of fact from which the court was authorized to find that the defendant agreed, in consideration of the transfer of the saloon property to Staengler, that

he would release Holsten and the plaintiff from all liability upon the notes. Whether or not the property which the defendant received in the transfer equaled the amount of the notes is not controlling. It furnished a good consideration for the agreement to release the plaintiff from all liability. Nor does the fact that the plaintiff substituted his own notes for the notes of Holsten, indorsed by him, change such result. The plaintiff still remained surety for the performance of the contract by Holsten to the extent of his liability as indorser and maker of the notes, and the defendant so understood it. He could not thereafter deal with this property and effect a transfer to another person, of which he received the consideration, and discharge Holsten from his debt, and still hold the plaintiff liable upon the notes, as such act would be distinctly prejudicial to the plaintiff's rights. (*Smith* v. *Molleson,* 148 N. Y. 241; *Brown* v. *Williams,* 4 Wend. 360.) It does not affect the question whether we construe the instrument executed by the defendant as a technical release or not. We may assume that it does not so operate. But it was evidence from which, in connection with the other testimony in the case, the court was authorized to find that the defendant had released the plaintiff from liability upon his notes; as well those of which he was maker as those upon which he was indorser. The fact that the court found that the instrument operated as a release does not change this result, as it also found that the defendant for a valuable consideration agreed to release Holsten and the plaintiff from liability on account of the contract; and this finding, as we have already seen, has support in the testimony.

It follows that the judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.